UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&M INSTALLATION, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>UNITED BROTHERHOOD OF CARPENTERS, LOCAL 405, et al., <br><br>    Defendants. | Case No.  15-cv-05265-MEJ <br><br>**JUDGMENT** |

On April 15, 2016, the Court granted Defendants United Brotherhood of Carpenters, Local 405 ("Local 405") and Carpenters 46 Northern California Counties Conference Board's ("Conference Board") (collectively, "Defendants") Motion to Confirm the Arbitration Award, attached as Exhibit A.  Dkt. No. 21.  Pursuant to Federal Rule of Civil Procedure 58, the Court hereby **ENTERS** judgment in favor of Defendants and against Plaintiff K&M Installation, Inc., incorporating the Arbitration Award by reference as the **JUDGMENT** of the Court.

The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: April 18, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

# EXHIBIT A

IN GRIEVANCE PROCEEDINGS
PURSUANT TO SECTION 51 OF THE
CARPENTERS MASTER AGREEMENT

**CARPENTERS LOCAL UNION #405,**   )
                                    )   Grievance #15-019
    **Grievant,**                   )
                                    )
vs.                                 )   **DECISION AND AWARD OF**
                                    )   **THE ARBITRATOR**
**K & M INSTALLATION, INC.,**       )
                                    )
    **Employer.**                   )

---

These grievance proceedings were convened on this 11th day of August, 2015, in the offices of the Carpenters 46 Northern California Counties Conference Board located at 265 Hegenberger Road, Ste. 220, Oakland, California.

The Union, Carpenters Local Union #405 (hereinafter referred to as "Grievant"), appeared through its representatives Jose Cabrera and Samuel Munoz. Farron Ezakovich from the Carpenter Funds Administrative Office also appeared.

The Employer, K & M Installation, Inc. (hereinafter referred to as "Employer"), appeared through its representative, Marc Dunn. Angel Morgan of K & M Installation also appeared.

A quorum of the Board of Adjustment, including the Arbitrator, Robert M. Hirsch, was present.

The Board of Adjustment met and deadlocked and pursuant to the terms of Section 51, the matter was submitted to the Arbitrator for decision, which decision is final and binding upon the parties.

The following exhibits were introduced:

1. Copy of the Carpenters Master Agreement for Northern California;

2. Copy of the Carpenters Memorandum Agreement signed and dated by the Employer on September 26, 2014;

3. Copy of an Office Modular Systems Addendum signature page signed and dated by the Employer on September 26, 2014;

4. Copy of the Notice of Grievance dated July 7, 2015;

5. Copy of the Notice of Grievance hearing dated July 27, 2015;

6. Certificate of Service dated July 27, 2015;

7. Copy of a Northern California Carpenters Trust Fund Remittance Report for the month of January, 2010;

8. Packet of photographs submitted by the Union;

9. Copy of an email to and from the Trust Funds submitted by the Union;

10. Copy of a "Letter of Assignment" submitted by the Union.

Testimony was given by both sides with respect to the grievance.

Remedy sought:

That the Employer forthwith cease and desist any further violations of the Carpenters Master Agreement for the remainder of its term;

That the Employer forthwith comply with said Agreement for the remainder of its term;

That the Employer be assessed for violations as found.

The evidence having been taken, the matter stood submitted for decision by the Arbitrator.

## DECISION

1. Based upon the evidence submitted, it is found that the Employer, K & M Installation, Inc. (hereinafter referred to in this Decision and Award as "Employer"), is a party to and bound to the current Carpenters Master Agreement. The Carpenters Master Agreement specifically requires the Employer to participate in the grievance procedure and authorizes the Board of Adjustment or Arbitrator to hear and decide the matter on a default basis in the event of Employer non-participation.

2. The Arbitrator has considered the evidence pertaining to the merits of the grievance and finds that the grievance filed by Carpenters Local Union #405 (hereinafter referred to as "Grievant") is meritorious and that the Grievant is entitled to a remedy to resolve this matter.

3. Having found in favor of the Grievant, the Arbitrator issues the following Award:

## AWARD

1. The Employer shall forthwith cease and desist any further violations of the current 46 Northern California Counties Carpenters Master Agreement for Northern California for the remainder of its term. The Employer shall forthwith comply with said Agreement for the remainder of its term.

2. The Employer is found to be in violation of the collective bargaining agreement and shall submit the amount of $235.04 in wages for Robert Evans, and $134.56 in wages for Fred Robertson as the wage differential between the Office Modular Systems Addendum and the Carpenters Master Agreement.

3. The Employer shall immediately cease and desist from improperly reporting and untimely paying Trust Fund contributions that are required to be paid to the various Trust Funds referred to in the Carpenters 46 Counties Master Agreement.

4. The Employer shall correctly report and timely pay all required contributions to each and all of the various Trust Funds referred to in the Carpenters 46 Counties Master Agreement. Correct reporting means to report each individual employee for all hours worked and paid for. Timely payment means that all payments must be paid on or before the 15th and no later than the 25th of each month following the work month for which each such report is made.

5. The Employer shall forthwith submit to an audit of all of its books and records by representatives of the Northern California Carpenters Trust Funds from date of last audit entry through completion of audit entry in order to determine the amount of wages and fringe benefits due, if any, and to whom they may be due. For purposes of this Award, the amount of wages due shall be based upon the number of hours worked for which Trust Fund contributions are deemed to be due the Carpenter Trust Funds by the auditors.

   The books and records which must be submitted to the auditors are all those referred to in Section 21 of the Carpenters Master Agreement and the records referred to in Article IV, Section 7, of the Carpenters Health and Welfare Trust Agreement; Article IV, Section 6, of the Carpenters Pension Trust Agreement; Article IV, Section 6, of the Carpenters Vacation and Holiday Trust Agreement; Article IV, Section 6, of the Carpenters Annuity Trust Agreement; and Article IV, Section 6, of the Carpenters Training Trust Agreement, including, but not necessarily limited to all of the following records as has been determined by the Joint Delinquency Committee of the Carpenters Trust Funds to be relevant:

   (a)   Contribution Return and Report of Wages - California (Form DE-3)

   (b)   Contribution Returns and Report of Wages – Federal

   (c)   Time cards for all employees

   (d)   Payroll Journal

   (e)   Workers Compensation Reports

   (f)   Individual Earnings Record

    (g)    Forms W-2, W-4, 1096 and 1099

    (h)    Trust Fund Reports for other trades

    (i)    General check registers

    (j)    Check stubs or vouchers

    (k)    Bank statements and cancelled checks

    (l)    Job Costs Records, copies of all contracts

    (m)    General Ledger, Cash Receipts Journal

    (n)    Individual, Corporate and/or Partnership Tax Returns

    (o)    Vendor's invoices

    (p)    Records of related entities

    (q)    Other books and records as may be necessary to conduct appropriate testing to assume the accuracy of records that have been reviewed.

6.    In the event that there is any dispute between the parties to this Award concerning the amount of wages and/or fringe benefits due, or to whom said amounts are to be paid, or the amount that is to be paid following the audit, the Arbitrator hereby retains jurisdiction over these proceedings to resolve or adjust said differences upon further submission to it by any of the parties to this Award.

7.    In the event that the Employer does not comply with the terms of this Award and if the Union or Trust Funds files suit to confirm this Award, the Union or Trust Funds shall be entitled to reasonable attorneys' fees and court costs incurred in enforcing this Award. Said attorneys' fees and court costs are deemed a part of the remedy awarded by the Arbitrator in order to resolve the issues raised in the grievance procedure as set forth in Section 51 of the Carpenters Master Agreement.

8.    It is further ordered that pursuant to Section 51, the Employer shall pay the sum of $300.00 as and for its share of the cost of these proceedings.

9. Amount due under this Award:

| | | |
|---|---|---:|
| (a) | Wages for Robert Evans | $235.04 |
| (b) | Wages for Fred Robertson | 134.56 |
| (c) | Cost of proceedings | 300.00 |

**Amount due:**     **$669.60**

_____8/10/15_____                              _____/s/ Robert M. Hirsch_____
Date                                                                  Robert M. Hirsch, Arbitrator

** The above sum does not include the amount due and owing for wages and/or fringe benefits (if any) as determined by the audit.

5

Grievance #15-019

CERTIFICATE OF SERVICE
(1013a, 2015.5 C.C.P.)

I am a citizen of the United States and a resident of the County of Contra Costa, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 265 Hegenberger Road, Ste. 220, Oakland, California 94621. On August 12, 2015, I served the within **DECISION AND AWARD OF THE ARBITRATOR** on the interested parties in said action by placing a true and exact copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at Oakland, California, addressed as follows:

> K & M Installation
> 1398 Maple Drive
> Oakley, CA 94561

(SENT CERTIFIED AND REGULAR MAIL)

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, California on August 12, 2015.

_____
Jason C. Matschke